IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                  CRIMINAL NO. 2:01-00094
                                   (CIVIL ACTION NO. 2:04-0759)

RICHARD J. RUNYON,

        Movant.

## FINDINGS AND RECOMMENDATION

On November 4, 2002, following his conviction by jury of conspiring to commit and committing bank fraud, Richard J. Runyon was sentenced by the court to one hundred eight months imprisonment to be followed by a term of five years supervised release. On August 28, 2003, the Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. Thereafter, on July 23, 2004, he filed a timely motion under the provisions of 28 U.S.C. §2255, asking the Court to vacate his sentence. In his motion and supplements to the motion, Runyon asserts that his sentence was based upon findings by the Court about the amount of the loss resulting from his fraudulent conduct – loss "much greater than the evidence adduced at the trial" – and that "an offense level was calculated which was substantially higher than the base level provided by the Sentencing Guidelines." Citing the decisions of the Court in Apprendi,[1] Blakely[2] and United States v. Booker,

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] Blakely v. Washington, 542 U.S. 296 (2004).

125 S.Ct. 738 (2005), movant asserts that he was deprived of his constitutional right to have a jury determine beyond reasonable doubt the propriety of the enhancement to his sentence beyond the base offense level prescribed by the Sentencing Guidelines.

Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in the case that the movant is not entitled to relief,"[3] dismissal without requiring a response from the United States is appropriate.

In United States v. Booker, supra, decided January 12, 2005, the Supreme Court concluded that the Sentencing Guidelines, as applied, were violative of the Sixth Amendment to the extent that enhancements to a defendant's sentence, beyond the fact of a prior conviction, were based on findings of fact made by a judge utilizing a preponderance of the evidence standard rather than by a jury based upon the beyond reasonable doubt standard and that, as a consequence, the Guidelines were to be treated as advisory rather than as mandatory.[4] The question presented by the pending motion requires the Court to determine whether Booker's holding is to be applied retroactively[5] to cases on collateral review, like Mr. Runyon's. In its decision in Booker, the Court expressly applied its holding only to cases on direct appeal. United States v. Booker, supra at 769 (Bryer, J.). In its decision in Schriro v. Summerlin, 542 U.S. 348 (2004), a case involving the issue of the retroactivity of Ring v. Arizona, 536 U.S. 584 (2004) and its requirement of a jury determination of aggravating factors authorizing the death penalty, the Court concluded that Ring,

---

[3] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

[4] See, United States v. Booker, supra at 755-67.

[5] Movant's conviction became final on November 27, 2003, ninety days after his conviction was affirmed by the court of appeals. Clay v. United States, 537 U.S. 522, 525 (2003). Booker was decided on January 12, 2005.

which was based on principles announced in Apprendi,[6] did not announce ""'watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding,'" id. at 2524, and would, as a consequence, not be applied retroactively. The Summerlin decision has been viewed by the courts as a clear indication that Booker is not to be applied retroactively, and, while the issue has not been decided by the Court of Appeals for the Fourth Circuit, other courts facing the issue have concluded that Booker is not to be applied retroactively.[7]

It being apparent that the Court's decision in Booker is not retroactively applicable to movant's conviction and sentence, his motion does not present any viable claims based on that decision or its predecessors.

---

[6] The Court of Appeals for the Fourth Circuit had, of course, earlier concluded that Apprendi was not to be applied retroactively to cases on collateral review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001). In its decision in Sanders, the Court, among other things, characterized the rule announced in Apprendi as procedural rather than substantive, and being of the view that the rule did not implicate fundamental fairness, held that analysis under Teague v. Layne, 489 U.S. 288 (1989), preluded retroactive application of Apprendi. The principles upon which Booker is based are, of course, derived from Apprendi, and it would be expected that the Court of Appeals for the Fourth Circuit would resolve retroactivity issues arising out of Booker in the same manner that it resolved them in Sanders.

[7] See, Rucker v. United States, 2005 WL 331336 (D. Utah 2005); United States v. Bellamy, 2005 WL 1406176 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 610 (3rd Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

## **RECOMMENDATION**

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and his counsel and to Michael Keller, Assistant United States Attorney.

DATED: July 20, 2005

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE